_y?ICKETT, Judge.
Yvette Patton, representing herself, appeals a judgment of the trial court apportioning attorney fees among her several former attorneys. For the following reasons, we affirm the judgment of the trial court.

STATEMENT OF THE CASE

This litigation arises from a rear-end collision. The underlying facts of this case were set forth fully in this court’s opinion in Patton v. Lemoine, 00-765 (La.App. 3 Cir. 11/14/00), 776 So.2d 513, writ denied 01-230 (La.4/12/01), 789 So.2d 591. The only issue raised in this appeal is the apportionment of attorney fees. Originally, the trial court apportioned the attorney fees among three of Patton’s former attorneys. The award was equal to 55% of the total judgment ($24,684.70 of a total judgment of $44,805.00). This court reversed that award. Citing Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1978) and O’Rourke v. Cairns, 95-3054 (La.11/25/96), 683 So.2d 697, we held that since the maximum contingency fee contract signed with any of the attorneys was for 40 percent, the attorney fee award could not exceed 40 percent. The case was remanded for reapportionment of attorney fees.
On remand, the trial court held a hearing, at which only Patton was present, representing herself. The three attorneys involved, Christopher Whittington, C. Rodney Harrington, and W. Fred Smith, were all sent notice of the hearing. Mr. Whit-tington waived his appearance. Service to Mr. Smith was unsuccessful, and he was not present at the hearing. Mr. Harrington did not appear.
Following the hearing, the trial court awarded $3084.00 to Mr. Whittington, $6649.00 to Mr. Harrington, and $8187.00 to Mr. Smith. The amounts awarded to Mr. Whittington and Mr. Harrington remained the same as the original award. Only | ?Mr. Smith’s award was decreased so that the total amount awarded equaled $17,920.00, or 39.9955% of the total judgment.
Patton appeals this ruling.

ASSIGNMENTS OF ERROR

The appellant alleges two assignments of error:
*752 1. The trial court abused its discretion by only ordering one attorney to repay the plaintiffs.
2. The trial court reapportionment is in violation of the Code of Professional Responsibility.

DISCUSSION

During the course of the original litigation, Patton hired three different attorneys and then fired them when each suggested she settle her claim for an amount nearly identical to the amount she eventually was awarded following a jury trial. The trial court’s Reasons for Judgment on remand are clear and concise. It finds that Mr. Whittington conducted initial discovery and filed the suit. He was able to secure a settlement offer close to the final judgment, but Patton refused and fired him.
Mr. Harrington earned his fee by taking the depositions of expert witnesses that constituted the entirety of the medical evidence in the trial. He also was able to secure a settlement offer equal to or exceeding the final judgment.
Mr. Smith was retained only a few days before the trial. He is the attorney who actually conducted the trial. The trial court found that $8187.00 was adequate to compensate him and ordered the excess of $6781.00 that he withdrew from the registry of the court refunded to Patton.
lain Saucier, the supreme court stated that contingency fees are to be allocated among various attorneys in a situation such as this one pursuant to the Code of Professional Responsibility. Rule 1.5(a) states:
A lawyer’s fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
(1)The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) The fee customarily charged in the locality for similar legal services;
(4) The amount involved and the results obtained;
(5) The time limitations imposed by the client or by the circumstances;
(6) The nature and length of the professional relationship with the client;
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) Whether the fee is fixed or contingent.
The trial court clearly took these factors into consideration. It’s findings are factual determinations which should not be disturbed absent manifest error. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993). The appellant’s assignments of error lack merit. The judgment of the trial court is affirmed. All costs of this appeal are assessed to Yvette Patton.
AFFIRMED.